# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SOMMERHALTER et al, <br><br> Plaintiffs, <br> v. <br><br> U.S. SMALL BUSINESS ADMINISTRATION et al, <br><br> Defendants. | Civil Action No. <br><br> 2:19-CV-9320-SDW-SCM <br><br> **ON PLAINTIFF'S MOTION TO DISMISS** <br><br> **[D.E. 2]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendants U.S. Small Business Administration (the "SBA") and U.S. Department of the Treasury's (the "Treasury") (collectively the "U.S. Defendants") motion to dismiss Plaintiffs David and Paulette Sommerhalter's (the "Sommerhalters") Complaint for lack of jurisdiction.[1] The Sommerhalters filed an opposition,[2] and the U.S. Defendants filed a reply.[3] The Honorable Susan D. Wigenton, U.S.D.J., referred the instant matter to the undersigned for report and recommendation.[4] The Court has reviewed the parties' submissions and decides this matter without oral argument. For the reasons set forth herein, it is respectfully recommended that the U.S. Defendants' motion to dismiss for lack of jurisdiction be **GRANTED**.

---

[1] (Electronic Case Filing Docket Entry ("D.E.") 2, Defs.' Mot. to Dismiss). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 7, Pls.' Opp'n).

[3] (D.E. 8, Defs.' Reply).

[4] L. Civ. R. 72.1(a)(2).

## I. BACKGROUND & PROCEDURAL HISTORY

This case concerns declaratory and injunctive relief sought on loans that the Sommerhalters personally guaranteed.[5] The Sommerhalters, through their company, JDJ Marine, Inc., took out loans from the SBA, through Commerce Bank, N.A., to purchase a yacht and operate their company.[6] Due to issues with the yacht, JDJ Marine filed an insurance claim, but the insurers brought suit against JDJ Marine to disclaim any insurance benefits.[7] T.D. Bank, N.A. ("T.D. Bank") and a law firm hired by T.D. Bank represented the Sommerhalters, and the Sommerhalters allege that when the court permitted the insurers to disclaim, T.D. Bank and the law firm did not appeal and instead T.D. Bank began a collection action for the outstanding loans from the SBA.[8]

After the Sommerhalters received a correspondence from Ostrowitz & Ostrowitz, Esqs. requesting that the Sommerhalters submit an Offer in Compromise ("OIC"), they retained counsel to assist in negotiations.[9] The Sommerhalters allege that at all times they believed that they were negotiating with the SBA through T.D. Bank.[10] The Sommerhalters allege that after about a year of OIC rejections, T.D. Bank demanded $360,000 to settle the matter.[11] The Sommerhalters allege that T.D. Bank accepted the OIC for $360,000 and T.D. Bank was to submit the OIC to the SBA

---

[5] (*See generally* D.E. 1-1, Compl.).

[6] (*Id.*, at ¶¶ 7–9).

[7] (*Id.*, at ¶¶ 10–13).

[8] (*Id.,* at ¶¶ 13–16).

[9] (*Id.*, at ¶¶ 17–18).

[10] (*Id.*, at ¶ 19).

[11] (D.E. 1-1, Compl., at ¶¶ 22–29).

for final approval.[12] The Sommerhalters allege that T.D. Bank never submitted the OIC to the SBA, that they began to receive notices of default and garnishment notices from the U.S. Defendants, and that they were misled by both the representations of T.D. Bank and the SBA into believing that the settlement agreement of $360,000 resolved all claims against them by the U.S. Defendants.[13]

The Sommerhalters filed the instant action in the Superior Court of New Jersey seeking declaratory judgment against the U.S. Defendants, T.D. Bank, and Ostrowitz & Ostrowitz, Esqs.; alleging four-contract based claims against T.D. Bank; and asserting fraudulent misrepresentation against Ostrowitz & Ostrowitz, Esqs.[14] On June 26, 2018, the Sommerhalters voluntarily dismissed Ostrowitz & Ostrowitz, Esqs.[15]

On November 20, 2018, the Sommerhalters filed a request for entry of default against the U.S. Defendants.[16] Shortly thereafter, the U.S. Defendants requested that the Sommerhalters voluntarily dismiss them based on a lack of subject matter jurisdiction.[17] On February 14, 2019, the Sommerhalters advised that they were unable to consent to the stipulation of dismissal

---

[12] (*Id.*, at ¶¶ 30–32).

[13] (*Id.*, at ¶¶ 35–37).

[14] (*See generally* D.E. 1-1, Compl.).

[15] (D.E. 1, Notice of Removal, at ¶ 4).

[16] (*Id.*, at ¶ 7).

[17] (*Id.*, at ¶ 8).

previously signed by the U.S. Defendants or to withdraw the claims asserted against the SBA.[18] However, the Sommerhalters consented to the removal of this action to the federal district court.[19]

The U.S. Defendants filed a Notice of Removal on April 5, 2019.[20] On April 11, 2019, the U.S. Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction arguing that the doctrine of derivative jurisdiction applies, sovereign immunity bars this action, the limited waiver of sovereign immunity for claims against the SBA administrator is inapplicable, the Treasury is an improper party, and the Sommerhalters failed to effect service on the U.S. Defendants.[21]

## II. **DISCUSSION AND ANALYSIS**

The Court need not address each of the U.S. Defendants' five arguments to resolve this motion and instead only focuses on the doctrine of derivative jurisdiction. Under the doctrine of derivative jurisdiction, when an action is removed from state court by the United States pursuant to 28 U.S.C. § 1442(a)(1), the jurisdiction of the district court upon removal is "derivative" of the state court's jurisdiction. Thus, "[i]f the state court lacks jurisdiction over the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."[22] The doctrine's application "often result[s] in the dismissal of removed

---

[18] (*Id.*, at ¶ 11).

[19] (*Id.*).

[20] (D.E. 1, Notice of Removal).

[21] (D.E. 2-1, Defs.' Mot. to Dismiss Br., at 3–17).

[22] *Lambert Run Coal Co. v. Baltimore & O. R. Co.*, 258 U.S. 377, 382 (1922); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981).

actions that were within the exclusive jurisdiction of the federal courts, because the state court where the action was filed lacked jurisdiction."[23]

In 1985 and 2002, Congress amended the general removal statute, 28 U.S.C. § 1441, to preclude the application of the doctrine of derivative jurisdiction in cases removed under that provision.[24] That abrogation, however, did not extend to cases removed under Section 1442, which allows removal where the United States has been sued in state court.[25] Thus, federal courts continue to dismiss cases under the doctrine in actions removed under Section 1442(a)(1).[26]

This Court therefore agrees with the U.S. Defendants that the doctrine requires the Sommerhalter's Complaint be dismissed for lack of jurisdiction. The Sommerhalters acknowledge that the U.S. Defendants removed this action under Section 1442.[27] Interestingly though, they cite the general removal provision under Section 1441 and state that they do not assert any waiver of sovereign immunity per se.[28] There is no statutory waiver of sovereign immunity that would have permitted the Sommerhalters to prosecute their claims against the United States in state court.

---

[23] *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007).

[24] *Id.* at 245–46.

[25] *See Turturro v. Agusta Aerospace Corp.*, No. 10-2894, 2010 WL 3239199, at *2–3 (E.D. Pa. Aug. 13, 2010); *Bender v. HUD*, No. 09-5599, 2010 WL 605741, at *1 n.2 (D.N.J. Feb. 19, 2010); *Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co., Inc.*, No. 08-5582, 2009 WL 2982632, at *6 n.12 (D.N.J. Sept. 10, 2009).

[26] *See e.g., Palmer*, 498 F.3d at 248–49; *Turturro*, 2010 WL 3239199, at *3; *Scoratow v. Smith*, No. 08-1576, 2009 WL 890575, at *4 (W.D. Pa. Mar. 7, 2009) (noting that "it appears from the 'great weight of jurisprudence' that 'the derivative jurisdiction doctrine is still viable with respect to cases removed pursuant to 28 U.S.C. § 1442(a)'") (internal citation omitted).

[27] (D.E. 7, Pls.' Opp'n, at 6).

[28] (*Id.*).

Contrary to the Sommerhalters' contention that "courts are split on whether the derivative jurisdiction doctrine applies to cases removed under" Section 1442,[29] the Third Circuit and this District Court continue to reaffirm the doctrine's application in this context.[30] The Sommerhalters' reliance on *Bermudez v. U.S. Department of Housing & Urban Development*, 84 F. Supp. 2d 1094 (C.D. Cal. 2000) is misplaced. *Bermudez* similarly concerned a Section 1442 removal but was decided under the pre-2002 amendment version of Section 1441.[31] Because Congress did not permit the Sommerhalters to assert their claims against the United States in state court, this Court is without jurisdiction to consider those claims upon removal.

### III.     RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the U.S. Defendants' motion to dismiss for lack of jurisdiction be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[32] The District Court need not consider

---

[29] (*Id.*).

[30] *See e.g.*, *Conklin v. Kane*, 634 Fed. Appx. 69, 73 (3d Cir. 2015) (explaining that "the doctrine still applies to proceedings removed under § 1442"); *Tami v. Butler*, No. 17-12254, 2019 WL 1435926, at *3–4 (D.N.J. Mar. 31, 2019) (same); *Trico Dev. Assocs., L.P. v. O.C.E.A.N., Inc.*, 2011 WL 4550203, at *3–4 (D.N.J. Sept. 29, 2011); *Pleasant Gardens Realty Corp.*, 2009 WL 2982632, at *6 n.12.

[31] *See Tami*, 2019 WL 1435926, at *4.

[32] 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).

frivolous, conclusive, or general objections.[33]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/12/2019 4:17:32 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
 cc: All parties
    File

---

[33] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).